GUMBINER v. LEWIS et al.

(Supreme Court, Appellate Term.   November 12, 1909.)

JUDGMENT (§ 143*)—DEFAULT—RIGHT TO OPEN.

In an action for breach of contract of employment, defendants denied the breach, alleged that plaintiff voluntarily abandoned his employment, and counterclaimed for advances. Plaintiff claimed that he was discharged by one of the defendants. When the case came on for trial, defendants asked an adjournment because of the illness of such defendant, which was denied. Defendants moved to open the default, claiming that such defendant was their most important witness to show a voluntary abandonment of plaintiff's employment, and also to prove their counterclaim. They produced the affidavit of his attending physician, the truth of which was questioned by one of plaintiff's affidavits; but the allegations of the latter were not so definite as to discredit the physician's statements. Defendants submitted an affidavit of merits. *Held*, that the default should have been opened, upon reasonable terms.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 288; Dec. Dig. § 143.*]

Appeal from City Court of New York, Special Term.

Action by Samuel Gumbiner against Samuel Lewis and others. There was a default against defendants. From an order denying their motion to open the same and set aside the inquest, they appeal. Reversed, and motion granted.

See, also, 119 N. Y. Supp. 250.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

David E. Hurwitz (Ralph Nathan, of counsel), for appellants.

Arnstein, Levy & Pfeiffer (Alexander Pfeiffer, of counsel), for respondent.

PER CURIAM. The following state of facts appears upon this appeal: The action is for a breach of contract of employment. The defendants, who are apparently copartners, deny said breach, allege that plaintiff voluntarily abandoned the employment, and counterclaim for advances made to plaintiff. The latter claims that he was discharged by the defendant Raphael Hurwitz. When the case came on for trial, defendants asked an adjournment by reason of the illness of the said Raphael Hurwitz. The request for an adjournment was denied, and an inquest taken. Defendants moved to open the default and set aside the inquest, which motion was denied, and defendants appeal from the order denying said motion.

The defendants claim that said Raphael Hurwitz is their most important witness to disprove plaintiff's claim of a discharge, and to show a voluntary abandonment by plaintiff of the employment, and also to prove their counterclaim. As to the illness of said Raphael Hurwitz, they produce the affidavit of his attending physician, the truth of which appears to be questioned by one of plaintiff's affidavits; but the allegations of the latter do not appear to be of so definite and convincing a nature as to discredit the physician's statements. Defendants submit an affidavit of merits, and claim good faith in their defense to the action. It seems to us, under the circumstances shown, that the default should have been opened, upon reasonable terms. The plaintiff claims to have suffered hardship by reason of the delay in bringing the case to trial; but the facts do not appear to warrant the learned Special Term in depriving defendants of their day in court.

The order must be reversed, with $10 costs and disbursements, and the motion granted, on payment by defendants to plaintiff of the costs as taxed in the court below. Costs of one party to be offset against those of the other.